UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ECHO HEALTH, INC.                                       :
                                                        :   CASE NO. 1:13-CV-1563
             Plaintiff,                                 :
                                                        :
vs.                                                     :   OPINION & ORDER
                                                        :   [Resolving Doc. No. 17, 27, 32, & 34]
NEXPAY, INC.                                            :
                                                        :
             Defendant.                                 :
                                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a case about claims of breach of contract and misbehavior of a health care company with regard to the clients of another. Defendant NexPay, Inc. ("NexPay") has moved to dismiss Plaintiff's Second Amended Complaint. With its motion, NexPay says this Court does not have personal jurisdiction over NexPay and says this Court does not have subject matter jurisdiction because Plaintiff has not sufficiently pled damages. For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

## I. BACKGROUND

### A. The Parties

After third party administrators approve health care claims, Plaintiff ECHO Health, Inc. ("ECHO") consolidates health care claims approved for payment.[1] It also facilitates payment of such claims to medical providers and, sometimes, to plan participants.[2]

---

[1] Doc. 28 at 1-2.
[2] *Id.*

Case No. 1:13-CV-1563
Gwin, J.

Defendant NexPay acts to deliver electronic health care payments to medical providers.[3] It also provides settlement, reconciliation and other services related to those payments.[4] Defendant NexPay also provides customer support for persons making claims for payment.[5]

In early 2012, Defendant NexPay approached Plaintiff ECHO with proposals to provide payment services for ECHO.[6] The parties negotiated a verbal service agreement. In that agreement, NexPay agreed to provide services to ECHO and its customers by: (1) faxing information for consolidated claims to certain providers; (2) transmitting card settlement, opt out, and reconciliation data; (3) issuing partial payment checks; and (4) rendering customer service.[7] The parties never memorialized their service agreement in a written contract.[8]

Rather, in connection with the service agreement, Defendant NexPay signed a Business Associate Agreement.[9] This written agreement required ECHO to protect the privacy and security of clients' health information.[10] In addition, this contract included a choice of law provision that agreed Ohio law would control.[11] The service agreement also contained a forum selection clause that said "[t]he county in which ECHO's principal business office is located [Westlake, Ohio] shall be the sole venue of any litigation or special proceedings between the parties.[12]

---

[3] *Id.* at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 3.
[10] *Id.*; *see also* Doc. 28-1.
[11] Doc. 28 at 3.
[12] Doc. 28-1 at ¶ 7.8

Case No. 1:13-CV-1563
Gwin, J.

**B.     The Complaint**

In its complaint, ECHO says it provided NexPay with protected health information for NexPay's use in carrying out its contractual obligations for ECHO.[13] Beginning in March 2013, ECHO says that its relationship with NexPay began heading south. ECHO says that, beginning in March 2013, NexPay began breaching its obligations under the service agreement.[14] For example, ECHO says that NexPay intentionally delayed the transmission of payment information; did not fax payment information to providers; refused to transmit timely and complete data to ECHO regarding settlements of cards, partial payments, and other data; and failed to provide the proper customer support needed to return funds that did not clear.[15]

ECHO also says that, around May 16, 2013, NexPay's president contacted two of ECHO's large customers, HealthSCOPE Benefits, Inc. and Meritain. ECHO claims that NexPay told these customers that ECHO had stopped sending new files to NexPay and told the customers that the protected health information in NexPay's possession had been left unprotected.[16] According to ECHO, Defendant NexPay solicited these ECHO clients to contract directly with NexPay to avoid ECHO's leaving the information vulnerable.[17]

ECHO says that on May 28, 2013, NexPay's president told it on May 28, 2013 ECHO that he was sending protected health information to unidentified "Plans."[18] ECHO says this action

---

[13] *See* Doc. 28.
[14] *Id.* at 6.
[15] *Id.*
[16] *Id.* at 7.
[17] *Id.* at 7-8.
[18] *Id.* at 4.

Case No. 1:13-CV-1563
Gwin, J.

violated the Business Associate Agreement.[19] On May 31, 2013, Plaintiff ECHO demanded NexPay return all protected health information and stop sending protected health information to unauthorized entities.[20]

ECHO says that NexPay ignored its requests.[21] Plaintiff ECHO says that NexPay also circulated false statements and misrepresentations about ECHO to other customers to induce them to stop doing business with ECHO and to begin doing business directly with Defendant NexPay.[22]

Plaintiff ECHO makes the following claims: (1) breach of Business Associate Agreement; (2) breach of service agreement; (3) violation of Ohio's Deceptive Trade Practices Act;[23] (4) tortious interference with contract and business relations; (5) conversion and misappropriation of funds; (6) action for accounting; (7) breach of contract to provide indemnity; and (8) promissory estoppel.[24]

**C.     Defendant NexPay's Motion to Dismiss**

Defendant NexPay moves to dismiss the Amended Complaint on two grounds.[25] First, Defendant says that the Court should dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction.[26] Defendant says that Ohio's long arm statute does not subject it to personal jurisdiction and also says that the Court's exercise of personal jurisdiction would violate its

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 11.
[23] Ohio Rev. Code § 4165.02.
[24] *See* Doc. 28.
[25] Defendant NexPay also initially moved to dismiss under Rule 12(b)(6) for failure to state a claim. In its reply, however, NexPay withdrew its motion to dismiss under Rule 12(b)(6). *See* Doc. 34 at 1. NexPay said nothing about similarly withdrawing its Rule 12(b)(1) motion, so the Court considers NexPay's arguments on those grounds.
[26] Doc. 17-1 at 2-17.

-4-

Case No. 1:13-CV-1563
Gwin, J.

constitutional due process rights.[27] Second, Defendant NexPay says that the Court should dismiss the Amended Complaint for a lack of subject matter jurisdiction.[28] With this argument, NexPay says Plaintiff did not adequately plead damages and therefore has no standing to bring its claims before the Court.[29]

Plaintiff disagrees.[30] First, ECHO says that NexPay consented to personal jurisdiction in Ohio by signing the Business Associate Agreement that said Westlake, Ohio was the proper venue for any dispute.[31] It also says that NexPay has waived its right to contest personal jurisdiction in Ohio.[32] Second, it says that the Court has subject matter jurisdiction because Plaintiff has sufficiently alleged damages to give standing.[33] Plaintiff says it has met its burden to survive a motion to dismiss.[34]

## II. LEGAL ANALYSIS

### A. Personal Jurisdiction

Where a court has not held an evidentiary hearing on a jurisdictional motion to dismiss, a plaintiff faces a "relatively light standard": a plaintiff need only make a *prima facie* showing of jurisdiction.[35] In such circumstances, a court considers the pleading and documentary evidence in the light most favorable to the plaintiff without considering controverting assertions of the

---

[27] *Id.* at 2-6.
[28] *Id.* at 18-24.
[29] *Id.*
[30] Doc. 27.
[31] *Id.* at 8-9.
[32] *Id.* at 9-10.
[33] *Id.* at 23-24.
[34] *Id.*
[35] *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *see also Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-69 (6th Cir.1988) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

Case No. 1:13-CV-1563
Gwin, J.

defendant.[36/]  At this stage, a *prima facie* showing is all that is required.

NexPay says that the forum selection clause only applies to Plaintiff ECHO's first claim and personal jurisdiction does not exist in Ohio.[37/]  This argument fails.[38/]

Recall that NexPay does not dispute that its Business Associate Agreement with ECHO contains a forum selection clause identifying Westlake, Ohio as "the *sole venue* of *any* litigation or special proceedings between the parties."[39/]  Forum selection clauses that have been freely bargained for are *prima facie* valid and enforceable.[40/]  By consenting to venue in Ohio, Defendant NexPay consented to personal jurisdiction here.[41/]

NexPay also loses its argument that the clause only covers Plaintiff's claim involving breach of the Business Associate Agreement.  "A forum selection clause . . . is part of a contract, and principles of contract interpretation apply."[42/]  In interpreting disputed contract provisions, the Court

---

[36/] *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003); *Dean*, 134 F. 3d at 1272.

[37/] Doc. 34 at 7.

[38/] The Court notes that Plaintiff claims Defendant waived its right to contest personal jurisdiction because of the general appearance filed by Defendant's attorney.  *See* Doc. 27 at 9-10.  TheDefendant reserved its right to contest personal jurisdiction in both its notice of removal and its answer.  *See* Doc. 1 at 2; Doc. 18 at 8.  Since any argument that Defendant makes regarding lack of personal jurisdiction fails, the Court need not reach the question of whether Defendant NexPay waived this argument as Plaintiff says.

[39/] Doc. 27-3 at ¶ 7.8 (emphasis added).

[40/] The Sixth Circuit Court of Appeals has indicated that a federal court sitting in diversity jurisdiction "may apply either Ohio law or federal law in determining the enforceability of a forum selection clause, since each treat clauses in a similar manner."  *General Electric Co. v. G. Siempelkamp*, 29 F.3d 1095, 1098 n.3 (6th Cir.1994).  Both federal courts and Ohio state courts have found valid forum selection clauses entered into freely and without fraud.  *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-594 (1991) (enforcing a nonnegotiated forum selection clause between an individual and a corporation); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972) ("[A] freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power ... should be given full effect."); *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hospital, Inc.*, 66 Ohio St.3d 173, 176 (1993) (holding that a forum selection clause contained in a commercial transaction is valid and enforceable absent evidence of fraud or overreaching).

[41/] *See Preferred Capital Inc. v. New Tech Eng'g, LP,* No. 5:04CV2301, 2005 U.S. Dist. LEXIS 32619, at *17 (N.D. Ohio Mar. 8, 2005) (finding a consent to venue implies consent to personal jurisdiction).

[42/] *In re Delta America Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990).

Case No. 1:13-CV-1563
Gwin, J.

must try to discern the intent of the parties.[43] "Another cardinal principle of contract interpretation is that the language being interpreted should be given its ordinary meaning."[44]

Moreover, the language of the forum selection clause is clear; it contains no restrictions as to what types of litigation it covers – that is, it is broad enough to cover all litigation between the two parties.

Both ECHO and NexPay are sophisticated business entities, capable of negotiating the language in a contract.[45] The Business Associate Agreement's forum selection clause is broad and seemingly applies to all disputes between the parties. The use of the phrase "any litigation" thus reflects the parties' belief that this clause will govern all actions involving their relationship.[46]

Because the forum selection clause gives this Court jurisdiction over Count I, the Court can exercise pendent jurisdiction over the other claims in this case. Courts have consistently held that claims involving the "same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties."[47]

---

[43] *Id.*

[44] *In re Delta*, 900 F.2d at 893.

[45] *Accord Micropower Grp. v. Ametek, Inc.*, No. 3:12-cv-331, 2013 WL 3480378, at *5 (S.D. Ohio July 8, 2013) (finding that a forum selection clause using the term "any dispute" to include tort claims and observing that the parties were sophisticated business entities and that the facts of the case did not suggest a meaning for the phrase other than its plain meaning).

[46] *See Travelers Prop. Cas. Co. of Am. v. Centimark*, No. 2:04-cv-0916, 2005 WL 1038842, at *3 (S.D. Ohio May 2, 2005) (finding that the word "any" was "all-encompassing language, indicating the parties' belief that all actions regarding their relationship will be governed by the forum selection clause"); *see also Rockwell Med. Inc. v. Yocum,* No. 13-10480, 2013 WL 4760971 (E.D Mich. Aug. 29, 2013), at *3 ("The clause thus appears to embrace *any* claims raised between the parties, whether or not strictly related to the confidentiality agreement.") (emphasis added).

[47] *Gen. Envtl. Sci. Corp. v. Horsfall*, 25 F.3d 1048, at *8 (6th Cir. May 25, 1994) (unpublished table decision) (quoting *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir.1993)); *see also Wireless Props, LLC v. Crown Castle Int'l Corp.*, 1:10-cv-269, 2011 WL 3420734, at *6 (E.D. Tenn. Aug. 4, 2011) (citing cases holding that forum selection clauses cover tort claims); *Tritt v. Category 5 Records, LLC*, 570 F. Supp. 2d 977, 980-81(M.D. Tenn. 2008) (finding the forum selection clause extended to tort and consumer protection claims related to the contract's purpose); *Micropower*, 2013 WL 3480378, at * 5 ("[C]ourts have generally held that when the relationship between the parties is contractual, the creative pleading of alternative, non-contractual claims does not suffice to circumvent the forum-selection clause if the forum selection clause is broad enough to include them.") (citations omitted).

Case No. 1:13-CV-1563
Gwin, J.

Here, all eight of Plaintiff ECHO's claims arise from the business relationship between it and NexPay. And, each of Plaintiff's claims arise from the same relationship underlying the Business Associate Agreement and Count I. Pendent jurisdiction gives the Court sufficient jurisdiction over Defendant NexPay for the remainder of Plaintiff's claims.[48] By signing the Business Associate Agreement, NexPay was on notice that it could be haled into court in Ohio.

Plaintiff has made a *prima facie* showing that Defendant NexPay is subject to personal jurisdiction in this Court. The Court denies Defendant NexPay's Rule 12(b)(2) motion to dismiss.

**B.     Rule 12(b)(1)**

As a threshold issue, the Court notes that Plaintiff filed the Second Amended Complaint after Defendant filed its motion, thereby curing some of Defendant's concerns.[49] Defendant, in its reply, requests the Court dismiss the Second Amended Complaint for lack of personal jurisdiction and withdraws its motion to dismiss under Rule 12(b)(6).[50]

Nevertheless, Defendant failed to withdraw its motion based on Rule 12(b)(1). The Court therefore considers Defendant's arguments asserted as its Rule 12(b)(1) motion with regard to the sufficiency of Plaintiff's standing for the claims in its Second Amended Complaint.

"Standing must exist at each stage of litigation, and . . . [a]t the initial pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice . . . .'"[51] For the reasons described below, the Court finds that Plaintiff has pled sufficient factual allegations of injury

---

[48] *See Jude v. First Nat. Bank of Williamson*, 259 F. Supp. 2d 586, 596 (E.D. Ky. 2003) (discussing appropriate exercise of pendent personal jurisdiction); *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 805 (N.D. Ohio 1998) (employing pendent personal jurisdiction to hear state law claims).

[49] Doc. 34 at 1. *See* Doc. 28.

[50] *Id.*

[51] *VHW, Inc. v. Geostar Corp.*, No. 06-12322-BC, 2007 WL 1110664, at *6 (E.D. Mich. Apr. 13, 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Case No. 1:13-CV-1563
Gwin, J.

to give it standing to bring each of its Counts I through IV.

### 1. Counts I & II - Breaches of Business Associate Agreement & Service Agreement

With regard to Counts I and II, Defendant NexPay says that Plaintiff ECHO did not specifically allege how NexPay's breaches damaged ECHO and says that Plaintiff lacks standing.

In its Second Amended Complaint, however, Plaintiff ECHO alleges NexPay's Count I breach caused it damage. Plaintiff ECHO says it was forced to "expend time, resources, and efforts internally to mitigate and address the breach to protect the [protected health information] and ECHO's customers," to "obtain[ ] the return of the [protected health information, and] to respond to problems created by NexPay's improper method of and likely incomplete return."[52]

Similarly, with regard to Count II, Plaintiff ECHO states that it has incurred damages as a result of NexPay's breach – it says that it has had to "expend additional time, effort, and resources to reconcile provider payment information and complete card transactions" that it would not have to have done otherwise.[53] It also says that when NexPay's delayed transmitting cards the delay resulted in a delay in ECHO receiving revenues.[54] ECHO further says that it lost revenues from lower card use when it had to service providers that NexPay should have serviced.[55] Finally, it says it has had to provide partial payments that NexPay should have paid.[56]

Such injury allegations give Plaintiff appropriate standing to bring its claims. The Court finds therefore that NexPay's arguments with regard to Counts I and II do not succeed.

### 2. Count III - False and Deceptive Trade Practices

---

[52] Doc. 28 at 5.
[53] *Id.* at 6.
[54] *Id.*
[55] *Id.*
[56] *Id.*

Case No. 1:13-CV-1563
Gwin, J.

With regard to Count III, Defendant NexPay attacks Plaintiff ECHO's pleading of injury under Rule 12(b)(1) and says that Plaintiff's failure to plead injury means that Plaintiff has no standing. In light of Plaintiff's Second Amended Complaint, these arguments fail.

Recall that Plaintiff's Second Amended Complaint states that ECHO "is losing potential customers, has suffered damage to its business relationship with its current customers, and has . . . suffer[ed] damage to its business reputation and good will [and] had to spend time, money, and resources to respond to customers' questions and accusations" about NexPay's actions. And, recall that ECHO specifies that it incurred damages over $25,000.[57] Taken as true, these statements plead sufficient injury for an Ohio Deceptive Trade Practices Act violation. Therefore, the Court finds that Defendant's argument that Plaintiff has no standing to bring its Count III claim loses.

### 3.   Count IV - Tortious Interference with Contract and Business Relations

Defendant NexPay appears to say that Plaintiff's tortious interference claim fails under Rule 12(b)(1) for two reasons: (1) because Plaintiff does not pled special damages and (2) because ECHO's complaint does not mention specific customers or breach. These arguments fail.

Under Ohio law, the elements of a claim for tortious interference with a business relationship are: "1) a business relationship; 2) the wrongdoer's knowledge thereof; 3) an intentional interference causing a breach or termination of the relationship; and 4) damages resulting therefrom."[58] No requirement exists to show "special damages."[59] Therefore, Defendant's first argument loses.

As to Defendant's second argument, Plaintiff appears to have amended its complaint to

---

[57] *Id.* at 9-10.

[58] *Fitzgerald v. Roadway Express, Inc.*, 262 F.Supp.2d 849, 859-60 (N.D. Ohio 2003) (quoting *Chandler & Assocs., Inc. v. Am.'s Healthcare Alliance, Inc.*, 125 Ohio App. 3d 572 (1997)).

[59] *Id.* In support of its position that special damages are required, Defendant relies only on a case applying Kentucky law. *See* Doc. 17-1 at 23-24.

-10-

Case No. 1:13-CV-1563
Gwin, J.

address this concern. Plaintiff's Second Amended Complaint specifically identifies the customers "HealthSCOPE and Meritain" and says that NexPay's conduct "has induced ECHO's customers' providers to not accept or use ECHO's QuicRemit cards" and NexPay is trying to get them "to terminate their contracts with ECHO."[60] Thus, these allegations moot Defendant's second argument with regard to Count IV, and the Court need not reach this issue.

The Court therefore finds Plaintiff has made sufficient factual allegations to plead injury and therefore has standing to bring Count IV.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: November 6, 2013         s/  *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[60] Doc. 28 at 11.