UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------
                                            :
ECHO HEALTH, INC.                           :      CASE NO. 1:13-cv-1563
                                            :
         Plaintiff,                         :
                                            :
v.                                          :      OPINION & ORDER
                                            :      [Resolving Doc. Nos. 70, 85, 92]
NEXPAY, INC.                                :
                                            :
         Defendant.                         :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion for the disqualification of Keith Ashmus, Colleen Murnane, and Frantz Ward LLP as Plaintiff's counsel.[1] Defendant NexPay says that Ashmus and Murnane are necessary witnesses at trial because they were part of email chains that NexPay says are highly relevant to Plaintiff's breaches of contract and indemnity claims.[2] Plaintiff ECHO Health ("ECHO") opposes this motion.[3]

The Court **DENIES** Defendant's motion for two reasons. First, NexPay's motion to disqualify counsel is untimely. A motion to disqualify counsel is only timely if brought "within a reasonable time once the facts are known."[4] And, "where there is substantial proof that the movant's

---

[1] Doc. 70.
[2] *Id.*
[3] Doc. 85.
[4] *Stanley v. Bobeck*, 2009 Ohio 5696, at ¶ 9 (Ohio App. Ct. October 29, 2009) (internal citations and quotation marks omitted).

-1-

Case No. 1:13-cv-1563
Gwin, J.

delay has resulted in serious prejudice," a court should deny a disqualification motion as waived.[5]

Here, NexPay's motion is based on email communications it says it "recently discovered." This email communication, however, occurred between its own General Counsel and CFO and counsel for ECHO. And, those emails and other contemporaneous emails sent by or to NexPay's counsel date to April and May 2013. NexPay therefore should have been on notice for, at minimum, the past eight months about Ashmus's and Murnane's roles and their potential relevance to Counts I, II, VII, and VIII.

Yet, NexPay has waited to file its motion for disqualification after document discovery is nearly complete, a mere month in advance of depositions, and only four months away from trial. Disqualifying Plaintiffs' counsel at this time would highly prejudice ECHO. Therefore, the Court finds that Defendant's motion is untimely and that NexPay has waived its right to file such a motion.

Second, Defendant NexPay has not made a showing that Ashmus and Murnane will be necessary witnesses at trial. Ohio Rule of Professional Conduct 3.7(a) does not require disqualification of counsel where the lawyer may be a witness. Instead, it requires disqualification where the lawyer is a "necessary witness."

In this case, the Defendants have not demonstrated that either Ashmus or Murnane is a necessary witness with respect to this proceeding. NexPay could introduce the emails into evidence and elicit testimony about them from NexPay's General Counsel. And, the emails themselves are not contested. The emails can speak for themselves on the relevant issues. Therefore, NexPay has

---

[5] *Sarbey v. Nat'l City Bank, Akron*, 66 Ohio App. 3d 18, 30 (Ohio App. Ct. 1990).

Case No. 1:13-cv-1563
Gwin, J.

not made a showing that Ashmus or Murnane will be a necessary witness.[6]

As a result, the Court finds that disqualifying Plaintiffs' counsel would be inappropriate and it therefore **DENIES** the Defendants' motion.

IT IS SO ORDERED.


Dated: February 7, 2014                    s/       *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[6] *See Popa Land Co. v. Fragnoli*, 2009-Ohio-1299, ¶ 15 (Ohio App. Ct. 2009) ("[A] 'necessary witness' is someone whose proposed testimony is 'relevant and material' and 'unobtainable elsewhere.'") (citations omitted).